UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. GASNER, | No. 2:21-cv-0452 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| G. MATTESON, WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 25, 2022, the undersigned ordered petitioner to either (1) file an application to proceed in forma pauperis or (2) pay the filing fee. ECF No. 4. In response, petitioner wrote to the court explaining that submission of his petition had resulted in the opening of two cases on the same day: this case and Case No. 2:21-cv-0453 JAM EFB P. ECF No. 5 (letter to court). The undersigned has reviewed the dockets in the two cases and confirmed that the petitions present the same issue: the Governor's reversal of the Board of Parole Hearings' finding that petitioner is suitable for parole.[1]

---

[1] The instant case was opened on the basis of a petition captioned as a § 2254 petition for filing in this court. Case No. 2:21-cv-0453 JAM EFB P was opened on the basis of a petition raising the same issue, captioned for filing in the Superior Court of California for the County of San Diego.

1

1    In Case No. 2:21-cv-0453 JAM EFB P, the magistrate judge recommended summary dismissal on grounds that the parole-related claim is not cognizable in federal habeas. Case No. 2:21-cv-0453 at ECF No. 4 (citing Swarthout v. Cooke, 562 U.S. 216, 220 (2011). The recommendation was adopted by the district judge, and that case was closed. Id. at ECF Nos. 8, 9. Petitioner's recent letter to the court argues that the dismissal of the other case was improper, and expresses the hope that the petition in this case will be considered. ECF No. 5 at 2.

   The legal doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (internal quotation marks omitted) (citing Commissioner v. Sunnen, 333 U.S. 591, 597 (1948)). Because Case No. 2:21-cv-0453 JAM EFB P has been adjudicated and final judgment as been entered, the issues raised here cannot be revisited.

   To the extent that petitioner seeks to reopen the judgment in Case No. 2:21-cv-0453 JAM EFB P, he has identified no basis for doing so under Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner's primary objection is that the case was dismissed before the court's receipt of petitioner's consent or decline form regarding magistrate judge jurisdiction. Because petitioner's decision regarding consent has no bearing on summary dismissal, which was ordered by a United States District Judge, there was no error. Petitioner also objects that the court cannot have read his entire 300-page petition prior to dismissal. ECF No. 5 at 1. Because the nature of petitioner's claim is one that cannot be entertained by the federal court, see Swarthout, 562 U.S. 216, this point is inapposite. Petitioner had the opportunity to object to the recommendation for dismissal, filed objections, and those objections were considered. Case No. 2:21-cv-0453 at ECF Nos. 7, 8. For all these reasons, the undersigned finds that the letter filed in this case need not be construed as a Rule 60(b) motion in that case.

   Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this action.

/////

////

IT IS FURTHER RECOMMENDED that this action be SUMMARILY DISMISSED as having been previously adjudicated in Gasner v. Matteson, 2:21-0453 JAM EFB P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE